JESSUP & MOORE PAPER CO. *v.* CADWALADER, Collector.

(*Circuit Court, E. D. Pennsylvania.*    April 2, 1890.)

CUSTOMS DUTIES—CLASSIFICATION—OLD RUBBER SHOES.
    If the commercial value of old rubber shoes is due solely to the rubber which they
    contain, and not to the preparation or manufacture which they had undergone, they
    are exempt from duty as crude rubber.

At Law.

This was a suit brought by the Jessup & Moore Paper Company to
recover certain customs duties alleged to have been unlawfully exacted
in an importation of old India-rubber shoes, entered by the importers
as scrap rubber.    A duty was estimated as upon manufactures of India
rubber at 25 per cent. *ad valorem*, and protest made that the merchandise
was entitled to free entry under Tariff Index, (New,) par. 724, and sec-
tion 2499, Rev. St., inasmuch as it was in a condition suitable only to
be remanufactured, and therefore similar in material, quality, and text-
ure and use to crude rubber, and unenumerated.    It was shown on be-
half of the plaintiff that the rubber, which was one of the constituent
parts of the article in question, was by chemical process reclaimed, and
that the product assimilated in material, characteristics, and uses to
crude rubber.    The article as imported was first ground into a powder,
and then put into a vulcanizer and subjected to a high temperature to
drive off the sulphur used in the original vulcanization, and then

sheeted out and manipulated like crude rubber, and when reclaimed was worth more than some qualities of pure rubber. The verdict was directed in favor of the plaintiff, subject to a point reserved, and subsequently the defendant moved for judgment *non obstante veredicto*, but the motion was refused, and judgment entered in favor of the plaintiff.

*James Collins Jones* and *Edward L. Perkins*, for plaintiff.

*William Wilkins Carr*, Asst. U. S. Atty., and *John R. Read*, U. S. Atty., for defendant.

McKENNAN, J., (*charging jury.*) The plaintiffs have presented the following points: (1) "Articles composed of India rubber, within the meaning of the existing tariff laws, (section 2502, Rev. St., schedule N,) are articles prepared or manufactured from India-rubber, of which the preparation or manufacture constitutes some portion of their commercial value. If, therefore, you find that the commercial value possessed by the old rubber shoes, upon which the plaintiffs in this case allege that the duty in this instance was improperly imposed, was due solely to the rubber they contained, and not to the preparation or manufacture which they had undergone, they were not 'articles composed of rubber,' within the meaning of the tariff law, as at present in force." This I affirm. (2) "If you find that the 'old rubber shoes' in question in this suit were not composed of India-rubber, within the meaning of the tariff law, and if you find that said 'old rubber shoes' were similar in material, quality, texture, and the use to which they can be applied, to crude rubber, your verdict must be for the plaintiffs." This point is affirmed. (3) "Under all the evidence your verdict must be for the plaintiffs." This point is affirmed.

The defendant has presented the following points: (1) "If you believe that the importation in suit is composed of India-rubber, not specially enumerated or provided for in the act of March 3, 1883, your verdict should be for the defendant." Refused. (2) "If you believe that the importation in suit bears a similitude in material, quality, texture, or the use to which it may be applied, to an article composed of India-rubber, then your verdict should be for the defendant." Refused. (3) "Even if the importation in suit be used for the purpose of reclaiming, by chemical process, the rubber contained therein, yet, if the product is inferior in material, quality, and texture to crude rubber, then it is not such a similitude to crude rubber as it is necessary, under section 2499, for the plaintiff to prove to entitle him to recover, and your verdict should be for the defendant." Refused. (4) "Your verdict in this case should be for the defendant." Refused.

If the plaintiffs' first point is sound, they are entitled to recover. I will instruct the jury *pro forma*, for the purpose of enabling them to find a verdict, that the law is correct, as stated in their first point, and that the plaintiffs are entitled to recover, but reserving the right to enter a verdict for the defendant if it should be found that the law is not correctly stated in that point. This action turns altogether upon a question of law on the constructions which are given to the act of congress, and, as

'we wish to give further time to the consideration of this question, and to have argument before the full bench upon the subject, I instruct you that the law, as stated in the plaintiffs' first point, is a correct statement of the law, and in that view under the facts here, the plaintiffs are entitled to a verdict for the amount of duty exacted in excess of what should have been charged. This will be subject to consideration by the court hereafter, and the court reserves the right to enter a verdict for the defendant in case it should be satisfied that the law is not as stated in this point.